IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| J. CRUZ CABRERA, individually and as parent and guardian of minor children L.R. and S.R., and ROSIE GRAHAM, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 9:23-CV-80-MJT |
| SOUTHERN HEALTH PARTNERS, INC., ANGELINA COUNTY, and DR. JOB MONGARE | § § § § § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANTS SOUTHERN HEALTH PARTNERS, INC.'S
AND DR. JOB MONGARE'S MOTIONS TO DISMISS (Docs. #26, #27)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred to the undersigned magistrate judge for consideration and disposition of Defendant Southern Health Partners, Inc.'s Motion to Dismiss Under Rule 12(b)(6) and Defendant Dr. Job Mongare's Motion to Dismiss Under Rule 12(b)(6). (Docs. #26, #27, #41.)   After review, the undersigned recommends granting in part and conditionally granting in part the motions.

**I.     Background**

    A.  Factual Background

According to Plaintiffs' amended complaint, Wendy Cabrera was arrested on April 7, 2021, at approximately 1:00 pm. (Doc. # 13 at 3.)  Plaintiffs do not explain why Ms. Cabrera was arrested, but note that she was "on foot," as opposed to driving a vehicle. (*Id.*)  The arresting officers thought she was "highly intoxicated" due to her appearance and behavior. (*Id.*)  At some point, either an arresting officer or a staff member at Angelina County Jail allegedly measured

Ms. Cabrera's blood-alcohol level at .28, which Plaintiffs claim "is in the range of dangerous alcohol poisoning." (*Id.*) Plaintiffs allege that Angelina County Jail staff knew Ms. Cabrera to be a heavy drinker and "a high-risk candidate for severe adverse withdrawal effects" due to prior arrests. (*Id.* at 4.) According to the complaint, jail staff placed Ms. Cabrera in the general population rather than a medical observation cell. (*Id.* at 5.)

At some point during her time in jail, Ms. Cabrera began to feel unwell and have chills which Plaintiffs contend were signs of severe alcohol withdrawal symptoms. (*Id.*) Jail staff allegedly refused to speak to Ms. Cabrera or get her appropriate medical attention. (*Id.*) Ms. Cabrera was, however, able to call her mother, Plaintiff Rosie Graham, about her medical issues. (*Id.*) At some point during the day on April 8, 2021, a nurse employed by Defendant Southern Health Partners, Inc. (hereinafter "SHP") allegedly came to jail but did not monitor or treat Ms. Cabrera. (*Id.*) Sometime in the later afternoon of April 8, 2021, Ms. Cabrera suffered a major seizure, lost consciousness, and collapsed in her cell. (*Id.*) EMS technicians arrived and took Ms. Cabrera to the hospital at 6:00 pm. (*Id.* at 6.) According to the complaint, Ms. Cabrera never regained consciousness and died on May 1, 2021. (*Id.*)

Of relevance to the motions is Defendant SHP's contractual relationship with Defendant Angelina County to provide medical services at the jail where Ms. Cabrera was held. (*Id.* at 6.) Plaintiffs allege SHP provides "fundamentally flawed" services. (*Id.*) According to the amended complaint, SHP has licensed vocational nurses (LVNs) and nurse practitioners (NPs) do work for which they are not licensed, while employing Dr. Mongare as a "medical director in name only" who has never actually been to the jail. (*Id.* at 6-7.) Likewise, Plaintiffs contend the contract leaves at least eight-hour gaps in medical care each day. (*Id.* at 8.) According to Plaintiffs, SHP

2

was aware that the "total lack of physician presence at the Jail was grossly insufficient" based on its work with a Kentucky prison to remedy similar problems. (*Id.* at 10.)

### B. Procedural Background

On April 30, 2023, Plaintiffs J. Cruz Cabrera, the deceased's husband, and Rosie Graham filed suit against Defendants SHP, Angelina County, and Dr. Job Mongare, alleging violations of the United States Constitution and Texas state law. (Doc. #1.) Plaintiff Cabrera brought claims both individually and on behalf of L.R. and S.R., his minor children with the deceased Ms. Cabrera. (*Id.*) An amended complaint was filed on August 2, 2023, in which Plaintiff Cabrera specifically asserted survival claims on behalf of his late wife. (Doc. #13. at 14-15.) Plaintiffs' amended complaint is admittedly unclear as to the nature of their claims, but after review of parties' briefings the undersigned finds that Plaintiffs bring two sets of claims: (1) federal claims for a violation of the Fourteenth Amendment under 42 U.S.C. §1983 due to an allegedly unconstitutional condition of confinement suffered by Wendy Cabrera through the Texas Wrongful Death and Survival Statutes,[1] and (2) state law tort claims brought through the Texas Wrongful Death and Survival Statutes.[2]

Defendants SHP and Mongare filed their respective Motions to Dismiss pursuant to Rule 12(b)(6) on August 31, 2023, arguing (1) Plaintiffs' claims are barred by the applicable statute of limitations, (2) Plaintiffs lack capacity to bring survival claims on behalf of the Estate of Wendy Cabrera and her children, (3) Plaintiffs' state law claims are conclusory and insufficiently pled,

---

[1] Defendants argues that Plaintiffs' amended complaint is not "sufficiently specific" in raising §1983 claims. (Doc. #26 at 17, #27 at 17.) While the undersigned acknowledges that Plaintiffs do not outright define Eighth Amendment causes of action in their amended complaint, Plaintiffs do contend Defendant SHP's policies "prevented Wendy Cabrera from getting adequate medical monitoring and treatment, ultimately resulting in her death." (Doc. #13 at 16.) The undersigned finds this sufficient to move forward on an analysis of the Fourteenth Amendment claims.
[2] Plaintiffs assert these claims are for negligence and gross negligence, but, as discussed *infra*, the undersigned finds these claims to fall under the Texas Medical Liability Act.

(4) there is no private cause of action regarding allegations of the unlicensed practice of medicine, and (5) Plaintiffs do not sufficiently plead constitutional claims. (Docs. #26, #27.) Responses, replies, and sur-replies have been filed. (Docs. #30, #31, #32, #33, #34, #35.) This matter is now ripe for review.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and

not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

**III. Discussion**

As a threshold matter, the undersigned will clarify the claims pending before the court. According to the amended complaint and Plaintiffs' briefing on the instant motions, Defendants (1) violated Wendy Cabrera's Fourteenth Amendment rights by subjecting her to an unconstitutional condition of confinement, and (2) committed state law negligence and gross negligence against Wendy Cabrera. The Texas Wrongful Death Statute allows spouses, children, and parents of the deceased to seek recovery for these claims, while the Texas Survival Statute does the same for the deceased's estate. Accordingly, Plaintiffs' claims on behalf of Plaintiff Cabrera, L.R. and S.R., and Plaintiff Graham are brought through the Texas Wrongful Death Act, while Plaintiff's Cabrera's claims on behalf of Wendy Cabrera's estate are brought through the Texas Survival Statute.

A. <u>Capacity to Sue on Wendy Cabrera's Behalf</u>

The parties dispute whether Plaintiffs have properly pled Plaintiff Cabrera's capacity to sue on behalf of his deceased wife. (Docs. #26 at 11, #27 at 11, #30 at 9. #31 at 9.) Texas law provides "[h]eirs at law can maintain a survival suit ... if they allege and prove that there is no administration pending and none necessary." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 (5th Cir. 2016) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998)). Courts in the Fifth Circuit have found factual allegations suffice at the pleading stage.[3] *See, e.g.*, *Martinez*

---

[3] But of note, in *King ex rel. Chenay v. Texas Medical Board*, the Fifth Circuit upheld a district court's *sua sponte* dismissal of the plaintiff's survival claims on behalf of her deceased daughter for lack of standing where the plaintiff failed to provide "proof that she is the administrator of her daughter's pending estate or, if the administration of the estate is unnecessary, that she is an heir of the estate." *King ex rel. Chaney v. Tex. Med. Bd.*, 576 F. App'x 353 (5th Cir. 2014) (citing *Mayhew v. Dealey*, 143 S.W.3d 356, 370 (Tex. App.—Dallas 2004)). The Fifth Circuit later clarified that this issue of capacity is not one of *constitutional standing*, but rather non-jurisdictional *prudential*

*v. Foster*, No. 4:13CV59, 2017 WL 9250303, at *4 (E.D. Tex. Mar. 13, 2017) (finding "Plaintiffs' assertions establish Martinez's capacity to bring a survival action on the Estate's behalf"), *R&R adopted*, No. 4:13CV59-RAS-KPJ, 2017 WL 1173369 (E.D. Tex. Mar. 30, 2017); *Rodgers v. City of Lancaster Police*, No. 3:13-CV-2031-M-BH, 2017 WL 457084, at *5 (N.D. Tex. Jan. 6, 2017) (applying plaintiff's pled factual allegations to the question of whether a mother had capacity to sue on her deceased son's behalf), *R&R adopted*, No. 3:13-CV-2031-M, 2017 WL 447216 (N.D. Tex. Feb. 2, 2017), *aff'd sub nom. Rodgers v. Lancaster Police & Fire Dep't*, 713 F. App'x 323 (5th Cir. 2018).

Under Texas intestate succession law, a deceased spouse's communal property is passed to the living spouse if "(1) no child or other descendant of the deceased spouse survives the deceased spouse; or (2) all of the surviving children and descendants of the deceased spouse are also children or descendants of the surviving spouse." TEX. EST. CODE § 201.003. "If the deceased spouse is survived by a child or other descendant who is not also a child or other descendant of the surviving spouse, the deceased spouse's undivided one-half interest in the community estate passes to the deceased spouse's children or other descendants." *Id.* Similarly, any non-communal property of a deceased spouse with children will pass to the living spouse and the children. TEX. EST. CODE § 201.002.

According to the amended complaint, Wendy Cabrera died intestate, Plaintiff Cabrera and Wendy Cabrera were legally married, Wendy Cabrera's only children were L.R. and S.R., and Plaintiff Cabrera is the legal guardian of the two children. (Doc. #13 at 14-15.) Based on Texas law, Plaintiff Cabrera, L.R., and S.R. are Wendy Cabrera's only heirs. Additionally, Plaintiff

---

standing. *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022). The Fifth Circuit, however, has not clarified what proof is required at the pleading stage. The undersigned finds Plaintiffs' pleading sufficient at the motion to dismiss stage.

6

Cabrera can file suit on behalf of himself and the children. FED. R. CIV. P. 17(c)(1); *Raskin on behalf of JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 285 n.5 (5th Cir. 2023). The undersigned finds, therefore, that Plaintiffs' pled factual allegations prove, for the purposes of the pleading stage, that Plaintiff Cabrera can bring claims on behalf of Wendy Cabrera's estate.

### B. Statutes of Limitations

#### i. Federal Claims

As there is no statute of limitations contained in 42 U.S.C. §1983, courts apply "the general statute of limitations governing personal injuries in the forum state" to claims brought under §1983. *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). "Texas has a two-year limitations period for personal injury actions." *Garrett v. Thaler*, 560 F. App'x 375, 384 (5th Cir. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 16.003). For minors, this two-year period begins to run once they reach the age of eighteen. *Clyce v. Butler*, 876 F.3d 145, 148 (5th Cir. 2017). Additionally, the statute of limitations tolls for one year when a claimant dies, so long as the claim accrued prior to death. TEX. CIV. PRAC. & REM. CODE §16.062; *see, e.g.*, *Hernandez v. Smith*, 793 Fed. App'x 261, 263-64 (5th Cir. 2019) (finding decedent's death tolled an already accrued claim for one year). It is undisputed that the statute of limitations for Plaintiffs' Fourteenth Amendment Claims is two years. The parties disagree, however, as to the date the statute of limitations began to accrue for these claims. Plaintiffs argue their federal claims accrued upon Wendy Cabrera's death on May 1, 2021, while Defendants argue the federal claims accrued when Wendy Cabrera experienced health problems in jail on April 8, 2021.

Although courts must look to state law to determine the length of the statute of limitations for § 1983 claims, federal law governs when that statute of limitations begins to accrue. *Burrell*

*v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citations omitted) ("While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law."); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) ("We determine the accrual date of a § 1983 action by reference to federal law."). Under the federal standard, the statute of limitations for § 1983 claims begins to accrue when the party "knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418 (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)); *see also Walker*, 550 F.3d at 414 ("[T]he statute of limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'").

This same standard applies when a claim is brought under §1983 through a state's Wrongful Death and Survival Statutes. *Martinez*, 2017 WL 9250303, at *5 (citing *Brockman v. Tex. Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010)) ("A § 1983 claim arising from inadequate medical care resulting in death accrues when the decedent knew or should have known that he was receiving inadequate treatment."). In evaluating when a party "knew or had reason to know" of the injury, courts look at two elements: "(1) the existence of the injury; and (2) causation, or the connection between the injury and the defendant's actions." *Riley v. Sheely*, No. 4:09cv425, 2010 WL 1537154, at *2 (E.D. Tex. Mar. 25, 2010) (citing *Piotrowski*, 51 F.3d at 516).

Here, Plaintiffs allege Fourteenth Amendment claims for the alleged unconstitutional conditions of confinement suffered by Wendy Cabrera through the Texas Wrongful Death and Survival Statutes. Wendy Cabrera was in the Angelina County Jail from approximately 1:00 pm on April 7, 2021, to approximately 6:00 pm on April 8, 2021. (Doc. #13 at 3-5.) According to

the amended complaint, she experienced health problems and asked jail staff for help but received none. (*Id.*) She apparently called her mother, Plaintiff Graham, at some point during the night to say she was "feeling very unwell and having chills." (*Id.* at 5.) The undersigned finds Wendy Cabrera knew or had reason to know she was suffering due to the conditions of confinement by the time she called her mother, which happened at the latest on April 8, 2021.

Plaintiffs filed suit on April 30, 2023, over two years from when their federal claims accrued. Plaintiffs' federal claims brought on behalf of Plaintiff Cabrera and Plaintiff Graham are, therefore, barred by the applicable statute of limitations. Plaintiff Cabrera's federal claims on behalf of L.R. and S.R., are not barred as the children were at filing five- and three-years-old respectively. Likewise, Plaintiff Cabrera's survival claims on behalf of Wendy Cabrera's estate are not time barred due to one year of tolling under TEX. CIV. PRAC. & REM. CODE §16.062.

### ii. State Law Claims

Plaintiffs "in all capacities" raise negligence and gross negligence claims. (Doc. #13 at 14-15.) A federal court exercising supplemental jurisdiction over state law claims, as is the case here, must apply the substantive law of the state in which it sits. *Doe 1 v. Baylor Univ.*, 240 F. Supp. 3d 646, 666 (W.D. Tex. 2017) (citing *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989)). "Federal courts view statutes of limitations as substantive law." *In re BP p.l.c. Sec. Litig.*, 51 F. Supp. 3d 693, 697 (S.D. Tex. 2014) (citing *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945)). Therefore, in applying Texas law to Plaintiffs' state law claims, Texas statute of limitations rules apply.

The threshold issue here is whether Plaintiffs' negligence and gross-negligence claims are considered healthcare liability claims under the Texas Medical Liability Act ("TMLA"). The

parties have briefed this issue considerably. (Docs. #26 at 8-11, #30 at 7-9, #32 at 2, #34 at 2.) Under Texas law, a health care liability claim has three elements:

> (1) a physician or a health care provider must be the defendant; (2) the suit must relate to the patient's treatment, lack of treatment, or some other departure from accepted standards of medical care, health care, or safety, or professional or administrative services directly related to health care; and (3) the defendant's act, omission or other departure must proximately cause the claimant's injury or death.

*Saleh v. Hollinger*, 335 S.W.3d 368, 373 (Tex. App.—Dallas 2011). Even when a party pleads a negligence claim, it will be considered a healthcare liability claim if those elements are met. *See Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 768 (W.D. Tex. 2019). The TMLA applies to any claimant, not just patients. *Tillman v. Mem'l Hermann Hosp. Sys.*, 440 S.W.3d 203, 207 (Tex. App.—Houston 2013). Additionally, "when a plaintiff asserts a claim based on the same underlying facts as a separate health care liability claim that the plaintiff also asserts, all claims are treated as health care liability claims." *Alajmi v. Methodist Hosp.*, 639 F. App'x 1028, 1030 (5th Cir. 2016) (citing *PM Mgmt.-Trinity NC, LLC v. Kumets*, 404 S.W.3d 550, 552 (Tex. 2013)).

After review of the cited caselaw, the undersigned finds that all of Plaintiffs' negligence and gross negligence claims must be considered health care liability claims. Plaintiffs contend that Defendant SHP is not a healthcare provider under the TMLA because it does not perfectly fit into a list of enumerated, licensed types of providers. However, "[t]he list of people and entities in the TMLA's definition of a 'health care provider' is not exclusive, and a person or entity not specifically enumerated may still constitute a health care provider under the TMLA." *City of Houston v. Houston*, 608 S.W.3d 519, 525 (Tex. App.—Houston 2020) (collecting cases). In fact, the relevant statute makes clear that "health care provider" includes "an officer, director, shareholder, member, partner, manager, owner, or affiliate of a health care provider or physician." TEX. CIV. PRAC. & REM. § 74.001. Defendant SHP employs licensed medical professionals, and

Plaintiffs concede Defendant SHP is responsible to provide all medical services to Angelina County Jail. So even if Defendant SHP is not itself a licensed physician, it still is considered a healthcare provider under the statute as it manages health care providers such as Defendant Mongare.

Under Texas law, health care liability claims are subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE §74.251(a). "A health care liability claim accrues on one of three dates: (1) the occurrence of the alleged breach or tort, (2) the date that the relevant course of treatment was completed, or (3) the last date of the relevant hospitalization." *Rombs v. Mefford*, No. 01-18-00360-CV, 2019 WL 1338962, at *2 (Tex. App.—Houston Mar. 26, 2019) (citing *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)). A plaintiff may not choose the most favorable of three dates of accrual, but rather go in order to see if his claims are barred. Where wrongful-death or survival claims are also a healthcare liability claim, the statute of limitations from the TMLA applies.[4] *Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex. 1995); *Diaz v. Westphal*, 941 S.W.2d 96, 99 n.3 (Tex. 1997); *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 490 (Tex. App.—Dallas 2016).

It should be noted that the applicable statute of limitations provides that "minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the [healthcare liability] claim." TEX. CIV. PRAC. & REM. CODE § 74.251. This specific provision has been held to be in violation of the Texas Constitution's open courts provision as it can result in a minor losing legal rights before reaching the age of majority. *Maypole v. Acadian Ambulance*

---

[4] The undersigned notes that TEX. CIV. PRAC. & REM. CODE §16.062 does not apply to healthcare liability claims, as the TMLA provides its own statute of limitations applies "[n]otwithstanding any other law." TEX. CIV. PRAC. & REM. CODE § 74.251; *see generally Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 74 (Tex. App.—El Paso 1994), *writ denied* (Oct. 6, 1994) (discussing the topic in relation to a predecessor statute with identical language) (citing *Hill v. Milani*, 686 S.W.2d 610, 611 (Tex.1985)).

*Serv., Inc.*, 647 S.W.3d 533, 540 n.6 (Tex. App.—Dallas 2022) (collecting cases). Texas law allows the claim to exist until minors reach the age of majority (eighteen years old). *Id.*

Here, Plaintiffs' state law claims, which the undersigned finds are healthcare liability claims, arise from Defendants' alleged negligence to provide proper medical services to Wendy Cabrera in Angelina County Jail. This tort occurred from April 7, 2021, when Ms. Cabrera began experiencing severe alcohol withdrawal symptoms, to April 8, 2021, when she was moved from the jail to a hospital. The date of the tort is, at the latest, April 8, 2021, over two years before Plaintiffs filed suit on April 30, 2023. Accordingly, the state law claims on behalf of Plaintiff Cabrera, Plaintiff Graham, and Wendy Cabrera's estate are barred by the applicable statute of limitations, while the state law claims on behalf of L.R. and S.R. are not.

### C. Application of Rule 12(b)(6) to Federal Claims

Once the statute of limitations is applied, the remaining federal claims are Plaintiff Cabrera's claims on behalf of Wendy Cabrera's estate and L.R. and S.R. against Defendants SHP and Dr. Mongare under §1983 for the alleged unconstitutional condition of confinements experienced by Wendy Cabrera brought through the Texas Wrongful Death Statute. Both Defendants argue in their respective motions that Plaintiffs failed to state any constitutional violations and that, even if they had, neither Defendant is liable for constitutional violations as they are private actors. (Docs. #26 at 16-20, #27 at 16-20.) Plaintiffs respond that Defendant SHP, acting in the shoes of Angelina County, created unconstitutional conditions of confinement which led to Wendy Cabrera's death, and that Defendant Dr. Mongare knowingly participated in and enabled an unconstitutional healthcare system. (Docs. #30 at 15, #31 at 15.) The undersigned will address each Defendant in turn.

*i. Federal Claims Against Defendant SHP*

Pretrial detainees, such as Wendy Cabrera, have a Fourteenth amendment due process right to be free from an unconstitutional condition of confinement.[5] *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009). To establish an unconstitutional condition of confinement claim, a party must show (1) a rule or restriction or the existence of an identifiable intended condition or practice or that the jail official's acts or omissions were sufficiently extended or pervasive, (2) which was not reasonably related to a legitimate governmental objective, and (3) which caused the violation of a detainee's constitutional rights. *Montano v. Orange County*, 842 F.3d 865, 874 (5th Cir. 2016). Courts in the Fifth Circuit incorporate law of the forum state to the "questions of who has standing to bring the lawsuit and capacity to assert the state and federal claims in [an] action based on the alleged injuries to" a decedent. *See generally Slack v. City of San Antonio*, No. SA18CV01117JKPESC, 2021 WL 3007179, at *4 (W.D. Tex. July 15, 2021)

The elements of Texas wrongful death claims are "(1) wrongful or negligent conduct of the defendant and (2) proximate cause resulting in death." *Croy v. United States*, No. DR-22-CV-00005-AM-VRG, 2023 WL 6393888, at *9 (W.D. Tex. Oct. 2, 2023) (internal quotations omitted) (quoting *Schippers v. Mazak Props., Inc.*, 350 S.W.3d 294, 298 (Tex. App.—San Antonio 2011)). Accordingly, for Plaintiff Cabrera to state a federal claim on behalf of L.R. and S.R., he must properly plead (1) Wendy Cabrera was subjected to an unconstitutional condition of confinement, and (2) the condition was the proximate cause of her death.

The Texas Survival Statute "does not create a new cause of action," but instead "ensures that the decedent's causes of action survive his or her death." *Rodgers*, 2017 WL 457084, at *4.

---

[5] Pretrial detainees can also challenge the relevant state actor under an "episode act or omission" claim. *Shepherd*, 591 F.3d at 452 (citing *Hare v. City of Corinth*, 74 F.3d 633, 644-45 (5th Cir. 1996) (en banc)). Neither Plaintiffs' amended complaint, nor their response to Defendants' motions invoke such a claim.

Plaintiffs, therefore, must be able to plead that Wendy Cabrera was subjected to an unconstitutional condition of confinement for this survival claim to go forward.

The parties dispute whether Defendant SHP, a private company, can be found liable for a constitutional violation. (Docs. #26 at 15-21, #30 at 20-22, #32 at 8-9.) After review of applicable caselaw, it is clear that a private medical provider is considered a state actor for the purposes of §1983 when they are under contract to provide medical care at a correctional facility. *Bishop v. Karney*, 408 F. App'x 846, 848 (5th Cir. 2011); *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003); *Rodriguez v. S. Health Partners, Inc.*, No. 3:20-CV-0045-D, 2020 WL 2928486, at *10 (N.D. Tex. June 3, 2020); *see also Moore v. LaSalle Corr., Inc*, 429 F. Supp. 3d 285, 291 (W.D. La. 2019) (applying §1983 liability to a prison management company), *amended sub nom. Moore v. LaSalle Corr., Inc.*, No. 3:16-CV-01007, 2020 WL 13851424 (W.D. La. Feb. 19, 2020).[6]

Plaintiffs' amended complaint does not properly articulate and address all factors required to bring an unconstitutional condition of confinement claim on behalf of L.R. and S.R. through the Texas Wrongful Death Statute, and on behalf of Wendy Cabrera's estate through the Texas Survival Statute. The undersigned, therefore, recommends conditionally granting Defendant SHP's motion as to this claim subject to the filing of an amended complaint that properly pleads this claim as described *infra* in section IV.

### ii. Federal Claims Against Defendant Dr. Mongare

For an unconstitutional condition of confinement claim against an individual doctor to survive a motion under Rule 12(b)(6), Plaintiffs must plead factual allegations that the doctor's

---

[6] The undersigned notes, as Defendant SHP does, that "[t]here is no respondent superior liability under section 1983." *Hyatt v. Falcon*, No. CV 19-12967, 2020 WL 5605748, at *6 (E.D. La. July 16, 2020), *R&R adopted*, No. CV 19-12967, 2020 WL 5594127 (E.D. La. Sept. 18, 2020). But here Defendant SHP is accused of employing a system that resulted in unconstitutional conditions of confinement, arguably a proper claim under the Fourteenth Amendment.

14

"acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice." *Est. of Henson v. Wichita County*, 795 F.3d 456, 465 (5th Cir. 2015) (citing *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 2015)). Plaintiffs have not done so. The undersigned recommends conditionally granting Defendant Dr. Mongare's motion as to this claim subject to the filing of an amended complaint that properly pleads this claim as described *infra* in section IV.

### D. Application of Rule 12(b)(6) to State Law Claims

Plaintiffs' non-time-barred state law claims are Plaintiff Cabrera's claim on behalf of L.R. and S.R. against Defendants SHP and Mongare for state law "negligence" and "gross negligence" experienced by their mother and brought through the Texas Wrongful Death Statute. As explained above, these claims fall under the TMLA and are thus considered to be healthcare liability claims. *See supra* III.A.ii. To bring a medical negligence claim through the Texas Wrongful Death Statute, a party must show "(1) wrongful or negligent conduct of the defendant and (2) proximate cause resulting in death." *Croy v. United States*, No. DR-22-CV-00005-AM-VRG, 2023 WL 6393888, at *9 (W.D. Tex. Oct. 2, 2023) (internal quotations omitted) (quoting *Schippers v. Mazak Props., Inc.*, 350 S.W.3d 294, 298 (Tex. App.—San Antonio 2011)).

A healthcare liability claim has three elements: (1) a physician or healthcare provider defendant; (2) a claim that concerns treatment, lack of treatment, or a departure from accepted standards of medical care, healthcare, or safety, or professional or administrative services directly related to healthcare; and (3) the complained of act or omission proximately caused the injury to the claimant. *Obstetrical & Gynecological Assocs., P.A. v. Hardin*, No. 01-13-00236-CV, 2013 WL 6047595, at *2 (Tex. App.—Houston Nov. 14, 2013). Plaintiffs explicitly argued that they have not pled healthcare liability claims against Defendants SHP or Mongare, going so far as to

claim Defendant SHP was not a healthcare provider. The undersigned finds that Defendant SHP is a healthcare provider, but that Plaintiff has not properly pled a claim under the TMLA.

The undersigned, therefore, recommends that Defendants' motions be conditionally granted as to Plaintiff Cabrera's state law claims on behalf of L.R. and S.R. subject to the filing of an amended complaint as described below.

## IV. Conclusion

All claims on behalf of Plaintiff Cabrera and Plaintiff Graham are **BARRED** by the applicable statutes of limitations and should be **DISMISSED with prejudice**. Likewise, Plaintiff Cabrera's state law survival claims on behalf of Wendy Cabrera's estate are **BARRED** by the applicable statutes of limitations and should be **DISMISSED with prejudice**. Plaintiff Cabrera's federal claims on behalf of Wendy Cabrera's estate and L.R. and S.R., and his state law claims on behalf of L.R. and S.R. are not time barred.

However, the undersigned finds Plaintiffs have not clearly pled Fourteenth Amendment claims against Defendants SHP and Dr. Mongare for the alleged unconstitutional condition of confinement experienced by Wendy Cabrera on behalf of the estate or on behalf of L.R. and S.R. under the Texas Wrongful Death and Survival Statutes. The undersigned also finds that Plaintiffs have not clearly pled state healthcare liability claims on behalf of L.R. and S.R. through the Texas Wrongful Death Statute. The undersigned recommends **conditionally GRANTING** Defendants' motions as to these claims subject to Plaintiffs filing of an amended complaint **no later than thirty days** from the court's order adopting this Report and Recommendation.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Defendant SHP's Motion to Dismiss (doc. #26) and Defendant Mongare's Motion to Dismiss (doc. #27) be **GRANTED in**

**part** and **conditionally GRANTED in part** as is consistent with this Report and Recommendation.

### VI.  Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 3rd day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE