IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| J. CRUZ CABRERA, individually and as parent and guardian of minor children L.R. and S.R., and ROSIE GRAHAM, §§§§§ | |
| *Plaintiffs*, § | |
| v. § | CIVIL ACTION NO. 9:23-CV-80-MJT |
| SOUTHERN HEALTH PARTNERS, INC., ANGELINA COUNTY, and DR. JOB MONGARE §§§§ | |
| *Defendants*. § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 42]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred [Dkt. 41] to the Honorable Christine L. Stetson for consideration and disposition Defendant Southern Health Partners, Inc.'s Motion to Dismiss [Dkt. 26] and Defendant Dr. Job Mongare's Motion to Dismiss [Dkt. 27].

On July 3, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 42] with the following conclusions and recommendations: (1) all claims on behalf of Plaintiffs J. Cruz Cabrera and Rosie Graham are barred by the applicable statute of limitations and should be dismissed with prejudice, (2) Plaintiff's state law claims on behalf of Wendy Cabrera's estate are barred by the applicable statute of limitations and should be dismissed with prejudice, (3) Plaintiff Cabrera's federal claims on behalf of Wendy Cabrera's estate and L.R. and S.R., and his state law claims on behalf of L.R. and S.R. are not time barred, (4) Plaintiffs have not properly pled Fourteenth Amendment claims against Defendants SHP and Dr. Mongare for alleged unconstitutional condition of confinement experienced by Wendy Cabrera on behalf of the estate or on behalf of

L.R. and S.R., (5) Plaintiffs have not properly pled state healthcare liability claims on behalf of L.R. and S.R., and (6) the Court should conditionally grant the motion as to the improperly pled claims subject to Plaintiff filing an amended complaint no later than thirty days from an order adopting the Report and Recommendation.

## I. Plaintiffs' Objections to the Report and Recommendation are Overruled

### A. Legal Standard

On July 24, 2024, Plaintiffs filed timely objections [Dkt. 44] to the Report and Recommendation.[1]  A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).  No Defendant has objected to the Report and Recommendation.

### B. Discussion

Plaintiffs proffer four objections to Judge Stetson's Report and Recommendation. Plaintiffs first object to the finding that Plaintiffs Cabrera and Graham's individual claims accrued

---

[1] Throughout their objections, Plaintiffs refer to Judge Stetson as "the Magistrate."  There are no "magistrates" in federal court, but instead "magistrate judges" who are referred to as "Judge."  *See generally Bird v. Nat'l Aeronautics & Space Agency*, No. 4:20-CV-275, 2022 WL 90515, at *1 (S.D. Tex. Jan. 7, 2022).

more than two years before suit was filed [Dkt. 44 at 1-3].  Instead, Plaintiff argues that those Plaintiffs were injured personally by Wendy Cabrera's death, which mean their federal claims were not time-barred at the date of filing.  Plaintiffs argument runs afoul of the Texas Wrongful Death Statute which allows spouses, children, and parents of the deceased to seek recovery based on the injury suffered by the deceased.  The accrual date for Plaintiffs Cabrera's and Graham's federal claims is when Wendy Cabrera had reason to know she suffered her alleged constitutional injury.  *Martinez v. Foster*, No. 4:13CV59, 2017 WL 9250303, at *5 (E.D. Tex. Mar. 13, 2017) (noting that "unlike claims under the FTCA, a § 1983 claim arising from inadequate medical care resulting in death accrues when the decedent knew or should have known that he was receiving inadequate treatment."), *R&R adopted*, No. 4:13CV59-RAS-KPJ, 2017 WL 1173369 (E.D. Tex. Mar. 30, 2017).  The Court agrees with Judge Stetson that the unconstitutional condition of confinement claims accrued when Wendy Cabrera was subjected to the challenged confinement conditions on April 8, 2021.  Plaintiff argues that Judge Stetson cites an unpublished Fifth Circuit opinion regarding the accrual date for §1983 claims, but ironically Plaintiff cites no authority holding that the §1983 claims of spouses or parents do not accrue until the date of death.  This objection is overruled.

Next, Plaintiff alleges Judge Stetson erred by finding the Texas Medical Liability Act (TMLA) applies to Plaintiffs' negligence claims, therefore time-barring all the state law claims except those on behalf of the minor children [Dkt. 44 at 3-5].  Plaintiffs note they argued "at length" about this issue before and improperly incorporate those prior arguments into the objections.[2]  Plaintiff then claims the list of entities subject to the TMLA they provided is "exhaustive."  This is contrary to caselaw cited in the Report and Recommendation which

---

[2] Objections to a Magistrate Judge's Report and Recommendation in the Eastern District of Texas are limited to eight-pages, and the Court will not consider additional briefing beyond that page limit.

Plaintiffs do not address in their objections. *City of Houston v. Houston*, 608 S.W.3d 519, 525 (Tex. App.—Houston 2020) (collecting cases). Plaintiffs assert that they specifically avoided pleading TMLA claims in this case, but their artful pleading does not supersede the law. A claim pled as negligence will be considered a healthcare liability claim if all elements are met. *See Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 768 (W.D. Tex. 2019). After *de novo* review, the Court finds all the elements of a TMLA claim are met, meaning the TMLA governs Plaintiffs' state law claims. This objection is overruled.

Plaintiffs then allege Judge Stetson erred by finding they failed to state claims under 42 U.S.C. §1983 and suggesting the Court offer Plaintiffs leave to amend. After review, the Court notes that Plaintiffs' operative complaint [Dkt. 13] does not once mention unconstitutional condition of confinement claims, nor does the complaint specifically address each element for such claims. The Court agrees with Judge Stetson that Plaintiffs should amend their complaint to explicitly articulate such claims. Additionally, Plaintiffs' concern that the Report and Recommendation does not provide a roadmap forward is without merit because Judge Stetson went through the elements of unconstitutional conditions of confinement claims against both Defendant SHP and Dr. Mongare. If Plaintiffs decide not to amend their complaint within thirty days of this order, their §1983 claims will be dismissed.

Finally, Plaintiffs likewise object to repleading the TMLA claims, because such claims are "functionally identical" to the negligence claim they pled [Dkt. 44 at 7]. This objection is overruled. In the objections, Plaintiffs claim they never presented TMLA claims, but the Court has now decided that their state law claims are, in fact, TMLA claims. The Court notes that Judge Stetson did not outright recommend dismissing Plaintiffs' state law claims on behalf of L.R. and S.R., but suggested Plaintiffs have leave to amend their complaint in light of the Court's decision

that Plaintiffs' negligence claims are actually TMLA claims. For clarity of the record, the Court finds it appropriate for Plaintiffs to file an amended complaint specifically articulating their TMLA claims if Plaintiffs intend to pursue such claims.

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections [Dkt. 44] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 42] is ADOPTED. The two pending motions to dismiss [Dkts. 26, 27] are granted in part, and conditionally granted in part as follows.

All claims on behalf of Plaintiff Cabrera and Plaintiff Graham are BARRED by the applicable statutes of limitations and are DISMISSED with prejudice. Likewise, Plaintiff Cabrera's state law survival claims on behalf of Wendy Cabrera's estate are BARRED by the applicable statutes of limitations and are, hereby, DISMISSED with prejudice. Plaintiff Cabrera's federal claims on behalf of Wendy Cabrera's estate and L.R. and S.R., and his state law claims on behalf of L.R. and S.R. are not time barred.

However, Plaintiffs have not clearly pled Fourteenth Amendment claims against Defendants SHP and Dr. Mongare for the alleged unconstitutional condition of confinement experienced by Wendy Cabrera on behalf of the estate or on behalf of L.R. and S.R. under the Texas Wrongful Death and Survival Statutes. Plaintiffs also have not properly pled state healthcare liability claims on behalf of L.R. and S.R. through the Texas Wrongful Death Statute. The Court conditionally GRANTS Defendants' motions as to these claims subject to Plaintiffs

filing of an amended complaint no later than thirty days from the entry of this order.

IT IS SO ORDERED.

**SIGNED this 15th day of August, 2024.**

_____
Michael J. Truncale
United States District Judge