IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| J. CRUZ CABRERA, *individually and as parent and guardian of minor children L.R. and S.R.,* and ROSIE GRAHAM, § § § § § *Plaintiffs,* § § v. § § SOUTHERN HEALTH PARTNERS, § INC. and ANGELINA COUNTY, § TEXAS, § § *Defendants*. § | CIVIL ACTION NO. 9:23-CV-00080-MJT-CLS |

### ORDER OVERRULING DEFENDANT SOUTHERN HEALTH PARTNERS, INC.'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs J. Cruz Cabrera and Rosie Graham allege that Defendant Southern Health Partners, Inc. ("SHP") provided inadequate medical care at Angelina County Jail that caused the untimely death of Wendy Cabrera ("the deceased"). As the deceased's husband and mother, respectively, Plaintiffs brought an array of federal and state wrongful death and survival claims individually, as well as on behalf of the deceased's estate and her children, L.R. and S.R. Judicial process has winnowed the case down to Cabrera's § 1983 wrongful death claim brought on behalf of L.R. and S.R., § 1983 survival claim brought on behalf of the deceased's estate, and Texas Medical Liability Act ("TMLA") wrongful death claim brought on behalf of L.R. and S.R. The Court referred [Dkt. 71] SHP's Motion to Dismiss Plaintiff's Third Amended Complaint Under Rule 12(b)(6) [Dkt. 60] to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration and disposition. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.

On March 18, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 75] advising the Court to grant in part and deny in part SHP's Motion to Dismiss [Dkt. 60] as follows:

(1) deny as to Cabrera's § 1983 wrongful death claim brought on behalf of L.R. and S.R. and § 1983 survival claim brought on behalf of the deceased's estate; (2) grant as to these same § 1983 claims to the extent Cabrera seeks to hold SHP vicariously liable; (3) deny as to Cabrera's TMLA wrongful death claim on behalf of L.R. and S.R.; (4) deny as to Cabrera's demand for exemplary damages under the TMLA; (5) abate the case for sixty days starting from the date the Court rules on the Report and Recommendation [Dkt. 75]; and (6) deny as to SHP's request for a more definite statement pursuant to Rule 12(e). On April 1, 2025, SHP filed timely objections [Dkt. 77] to the Report.

I. **The Unobjected-to Findings of Facts and Conclusions of Law of the Report and Recommendation [Dkt. 75] are Adopted**

No party objected to the following findings of fact and conclusions of law: (1) Cabrera's § 1983 wrongful death and survival claims should be dismissed to the extent each seeks to hold SHP vicariously liable; (2) SHP's request to dismiss Cabrera's demand for exemplary damages for his TMLA claim should be denied; and (3) that the Court should abate this case for sixty days because Plaintiffs failed to serve pre-suit notice on SHP in accordance with Chapter 74 of the Texas Civil Practice and Remedies Code.

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge [Dkt. 75] pursuant to such referral, along with the record, pleadings, and all available evidence. After careful consideration, the Court finds that the above unobjected-to findings of fact and conclusions of law of the United States Magistrate Judge are correct. Accordingly, the above unobjected-to findings of fact and conclusions of law in the Report and Recommendation of the United States Magistrate Judge are adopted. To the extent that Cabrera premises his § 1983 wrongful death and survival claims on a theory of vicarious liability, such claims are denied. SHP's request to dismiss Cabrera's demand for exemplary damages under the

TMLA is denied. Lastly, the Court will abate this for sixty days to permit Plaintiffs to serve pre-suit notice upon SHP in compliance with Chapter 74 of the Texas Civil Practice and Remedies Code.

## II. SHP's Objections [Dkt. 77] to the Report and Recommendation [Dkt. 75] are Overruled

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

SHP objects to the following findings in the Report: (1) that Cabrera plausibly pleaded § 1983 wrongful death and survival claims; (2) that SHP waived the issue of causation with respect to these claims; and (3) and that Cabrera plausibly pleaded his TMLA claim. The Court will conduct a *de novo* assessment of each objection in turn.

### A. Cabrera plausibly pleaded § 1983 wrongful death and survival claims

SHP's first objection is threefold: (1) the Report erringly classified Cabrera's allegations as conditions-of-confinement claims instead of episodic-act-or commissions claims; (2) Cabrera did not plausibly plead that SHP was a policymaker with final policymaking authority; and (3) the

3

Report improperly considered an allegation regarding SHP's prior knowledge of its unconstitutional policies and practices. [Dkt. 77 at 1–3].

> i. The Report properly classified Cabrera's § 1983 wrongful death and survival claims

SHP's first subsidiary objection that the Report erringly classified Cabrera's § 1983 claims is a "conclusive or general objection[] [that] need not be considered by the" Court. *Nettles*, 677 F.2d at 410 n.8. In a repeat performance of its motion to dismiss, SHP contracts out to the Court the job of reviewing "*Brown v. Bolin*, F. App'x 309 (5th Cir. 2012), where the Fifth Circuit Court of Appeals held that similar allegations that a nurse's determinations regarding medical care at a jail were alleged to be a systemic failure of medical care was actually an unconstitutional condition of confinement claim." *Compare* [Dkt. 60 at 11], *with* [Dkt. 77 at 3]. Here, as Judge Stetson had to do earlier, the Court has reviewed *Bolin*, the applicable law, and the relevant allegations, and determines that, at the motion-to-dismiss stage, the alleged policies "indict the entire jail medical system as a cause of" the deceased's death. *Bolin*, 500 F. App'x at 313. Thus, Cabrera alleges "a systematic failure of medical care of the type that we found to present an unconstitutional condition of confinement." *Id.* at 314.

Moreover, SHP confuses the issue of categorization with burdens of proof. It recites that "[i]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally adequate." [Dkt. 77 at 2 (quoting *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009)]. An innocuous statement of the law of course. *See Est. of Henson v. Wichita Cnty.*, 795 F.3d 456, 470 (5th Cir. 2015); *Duvall v. Dallas Cnty.*, 631 F.3d 203, 208 (5th Cir. 2011); *Stevenson-Cotton v. Galveston Cnty.*, No. 22-40841, 2024 WL 138631, at *5 (5th Cir. Jan. 12, 2024). But not quite the point. The Court is concerned with whether Cabrera's claims are properly classified as unconstitutional-conditions-of-confinement or episodic-acts-or-

omission, not whether Cabrera can prove that his unconstitutional-conditions-of-confinement claims. It is certainly plausible that these inquiries bleed into one another, but this does not otherwise persuade the Court that Judge Stetson incorrectly classified Cabrera's § 1983 wrongful death and survival claims. SHP's objection [Dkt. 77 at 2–3] is overruled.

> ii. Plaintiff Cabrera did not have to identify a policymaker with final policymaking authority

SHP next objects that Cabrera did not plausibly allege that it was the policymaker who promulgated or ratified the alleged medical care policies. *Id.* at 2. Once more, this two-sentence objection is "conclusive or general … [and] … need not be considered by the" Court. *Nettles*, 677 F.2d at 410 n.8. In any event, Judge Stetson found that Cabrera did not plead a *Monell* claim against SHP, which would have required such an allegation. [Dkt. 75 at 15–16]. More critically, however, SHP did not argue that Cabrera had to plead a *Monell* claim in its motion to dismiss, nor does it do so in its objections. *See* [Dkts. 60 at 16–18; 77 at 2]. This objection, therefore, bears no relevance in assessing the Report and is consequently "[f]rivolous." *Nettles*, 677 F.2d at 410 n.8. SHP's objection [Dkt. 77 at 2] is overruled.

> iii. The Report did not erroneously rely on an allegation regarding SHP's prior knowledge of its unconstitutional policies and practices

SHP objects to Judge Stetson's "findings with regard to knowledge that another inmate 'had recently died at the Jail as a result of this woefully inadequate system of medical care . . . but did nothing to improve the system.'" *Id.* at 3. In her Report, Judge Stetson remarked in a footnote that Cabrera alleged "that SHP knew of 'at least one other inmate [that] had recently died at the Jail as a result of this woefully inadequate system of medical care, … but did nothing to improve the system and continued operating without any actual participation by a licensed physician or any supervision of the nursing staff and physician's assistant.'" [Dkt. 75 at 16 n.8 (quoting [Dkt. 57,

5

¶ 52])]. SHP argues that this allegation arises from a separate case involving SHP's medical care that was ultimately dismissed with prejudice "with no findings of liability against SHP." [Dkt. 77 at 3]. This finding, so goes SHP's theory, precluded Cabrera from using this allegation to plead SHP's prior knowledge of its unconstitutional policies and practices in this case. *Id.*

However meritorious SHP's argument, it is not relevant. The footnote was nothing more than a parenthetical observation that did not factor into the Report's finding that Cabrera plausibly identified six policies pursuant to the terms of SHP's contract with co-Defendant Angelina County, Texas to provide medical care at the jail. *See* [Dkt. 75 at 14–17 & n.8]. As such, prevailing law did not require Cabrera to support these *de jure*, or official, policies with pattern-or-practice allegations, *see id.* at 11–14, a point of law not objected to by SHP, [Dkt. 77 at 1–3]. After review of the applicable law, Judge Stetson correctly found that SHP had waived, for want of briefing, the argument that Cabrera had instead alleged *de facto* policies that would have required allegations about sufficiently-extended patterns or practices. [Dkt. 75 at 16]; *see United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (citing *United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir. 2009)) (listing points of error, absent further arguments or explanation, is a failure to brief and constitutes waiver); *Davis v. Cisneros*, 744 F. Supp. 3d 696, 727 n.13 (W.D. Tex. 2024) (citing *Rost v. United States*, 2021 WL 5190875, at *8 (W.D. Tex. Sept. 22, 2021)) ("Under Fifth Circuit law, when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal, and, by analogy, failure to brief an argument in the district court waives that argument in that court."); E.D. TEX. LOC. R. CV-7(c) ("The briefing shall contain a concise statement of the reasons in support of the motion and citation of authorities upon which the movant relies."). SHP's objection [Dkt. 77 at 3] is overruled.

### B. *The Report correctly found that SHP waived the issue of causation*

SHP also objects to several of the Report's findings regarding the element of causation for Cabrera's § 1983 wrongful death and survival claims. *Id.* at 4–5. First, SHP contends that it did not waive its challenge to causation. *Id.* at 4. The Court disagrees. SHP's "two-sentence argument as to causation [was] … nothing more than an unbriefed point of error" over which Judge Stetson did not need to labor. [Dkt. 75 at 17 (citations and quotation marks omitted)]; *see* [Dkt. 60 at 12–13];. *Reagan*, 596 F.3d at 254–55; *Davis*, 744 F. Supp. 3d at 727 n.13; E.D. TEX. LOC. R. CV-7(c). Even if it had not been waived, SHP's objection that Cabrera did not satisfactorily plead causation misses the mark. SHP anchors its objection on Cabrera's failure to "plausibly plead … allegations of deliberate indifference." [Dkt. 77 at 5]. That is because he did not have to for two reasons. Initially, Cabrera's properly-classified conditions-of-confinement claims do not require a showing of deliberate indifference. *See Sanchez v. Young Cnty.*, 866 F.3d 274, 279 (5th Cir. 2017) ("The 'unconstitutional conditions' theory rests on the idea that the County has imposed what amounts to punishment in advance of trial on pretrial detainees, and it requires no showing of specific intent on the part of the County."); *Montano v. Orange Cnty.*, 842 F.3d 865, 877 (5th Cir. 2016) (citing *Shepherd*, 591 F.3d at 452); *Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 357 (M.D. La. 2022) (citing *Duvall*, 631 F.3d at 207) ("Thus, for purposes of … a [conditions-of-confinement] claim, a plaintiff need not show deliberate indifference on the part of the municipality.").

A more fundamental flaw is that deliberate indifference simply does not speak to the causation element. *See, e.g.*, *Est. of Henson*, 795 F.3d at 467 n.2 (explaining that deliberate indifference for an episodic-acts-or-omissions claim goes to whether there was a constitutional violation in the first place). And, because Cabrera is bringing state-law wrongful death and survival claims under § 1983, "state law governs whether there's a causal link between the

constitutional deprivation and the victim's death." *Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 504 (5th Cir. 2022). To show causation under Texas law, a plaintiff "must establish that the defendant's negligent act or omission was a substantial factor in bringing about the decedent's death, and without it, the death of the decedent would not have occurred." *Olague v. CoreCivic, Inc.*, No. 6:22-CV-070-H, 2024 WL 1197927, at *9 (N.D. Tex. Mar. 20, 2024) (quoting *Davis v. Bills*, 444 S.W.3d 752, 757 (Tex. App.—El Paso 2014, no pet.)). This necessitates a showing "that the defendant's wrongful actions more likely than not caused the decedent's death—not just that they reduced the decedent's chance of survival by some lesser degree." *Slade v. City of Marshall*, 814 F.3d 263, 264–65 (5th Cir. 2016) (quoting *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 404 (Tex. 1993)). None of this pertinent law was addressed, let alone discussed, by SHP in its motion to dismiss. *See* [Dkts. 60; 65]. SHP's objection [Dkt. 77 at 4–5] is overruled.

### C. *Cabrera plausibly pleaded a TMLA claim*

SHP's last objection is to the Report's finding that Plaintiff Cabrera plausibly pleaded a TMLA claim. *Id.* at 5–7. It first protests Judge Stetson's determination that SHP waived the issue of duty—the first element in a TMLA claim—for deficient briefing. [Dkt. 75 at 20–21]. Judge Stetson found that "SHP d[id] not cite a single case applying Texas law to explain why 'the facts surrounding the occurrence in question' did not create a legal duty to provide medical care to the deceased." *Id.* at 20 (first quoting *Mil. Highway Water Supply Corp. v. Morin*, 156 S.W.3d 569, 572 (Tex. 2005); and then citing [Dkts. 60; 65]). SHP counters that it "specifically … referenced the *Alexander v. S[.] Health Partners, Inc.*, No. 3:22-[CV]-0395-[X], 2023 WL 3961704, at *8 (N.D. Tex. June 12, 2023) case" to argue that it did not owe the deceased a duty of care under the circumstances. [Dkt. 77 at 5]. A plain reading of SHP's motion to dismiss belies that claim. Besides the cursory introductory reference to *Alexander* to declare, in equally conclusory fashion,

8

that Cabrera's "allegations regarding medical negligence were conclusory in nature," SHP only elaborated upon *Alexander* in regard to the standard of care, not duty. *See* [Dkt. 60 at 18–20]. Federal courts are not *pro bono* research firms. If SHP wanted to brief a point of law, as is required by law, then it should have done so. *Reagan*, 596 F.3d at 254–55; *Davis*, 744 F. Supp. 3d at 727 n.13; E.D. TEX. LOC. R. CV-7(c). It chose not to, and it does not amount to legal error for Judge Stetson to have recognized that. [Dkt. 75 at 20–21]. SHP's objection [Dkt. 77 at 5–6] is overruled.

Finally, SHP objects to the Report's "finding that the NCCHC or CIWA standards could be used regarding the applicable standard of care in this case." *Id.* at 6–7. In the third amended complaint, Cabrera relied on standards announced by the National Commission on Correctional Health Care ("NCCHC") and the Clinical Withdrawal Assessment for Alcohol ("CIWA") protocols to articulate an applicable standard of care. [Dkt. 57, ¶¶ 82–119]. SHP erroneously argues, as it did in its motion, that *Alexander* stands for the proposition that a plaintiff may not rely on the NCCHC to plead a standard of care. [Dkts. 60 at 19; 77 at 6–7]. The Court agrees with Judge Stetson that *Alexander* clearly does not represent that view. [Dkt. 75 at 23–24]; *see Alexander*, 2023 WL 3961704, at *2—*3. Nor does a single one of the three out-of-circuit cases cited by SHP do so either. *See Robles v. Cnty. of San Diego*, No. 3:23-CV-00898-JES-BLM, 2024 WL 3498497, at *3–*7 (S.D. Cal. July 22, 2024); *Rapp v. NaphCare, Inc.*, No. 3:21-CV-05800-DGE, 2023 WL 4705996, at *8–*18 (W.D. Wash. July 24, 2023); *Crapser v. NaphCare Inc.*, No. 3:23-CV-00725-HZ, 2024 WL 458636, at *2–*7 (D. Or. Feb. 6, 2024). And none of these four cases opine that a plaintiff cannot rely on CIWAs to articulate a standard of care for a TMLA claim. *See Robles*, 2024 WL 3498497, at *3–*7; *Rapp*, 2023 WL 4705996, at *8–*18; *Crapser*,

2024 WL 458636, at *2–*7; *Alexander*, 2023 WL 3961704, at *2–*9.  SHP's objection [Dkt. 77 at 6–7] is overruled.[1]

### III.    Order

The Court has conducted a *de novo* review of SHP's objections consistent with the pleadings, briefing, and applicable law.  *See* FED. R. CIV. P. 72(b).  For the foregoing reasons, Defendant Southern Health Partners, Inc.'s objections [Dkt. 77] are OVERRULED.  Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 75] is ADOPTED in full.

Defendant Southern Health Partners, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint Under Rule 12(b)(6) [Dkt. 60] is GRANTED IN PART and DENIED IN PART.  First, SHP's Motion to Dismiss [Dkt. 60] is DENIED as to Plaintiff J. Cruz Cabrera's § 1983 wrongful death claim brought on behalf of L.R. and S.R., § 1983 survival claim brought on behalf of the deceased's estate, Texas Medical Liability Act wrongful death claim brought on behalf of L.R. and S.R., and request for exemplary damages under the Texas Medical Liability Act.  Defendant SHP's Motion to Dismiss [Dkt. 60] is also DENIED as to its request for a more definite statement pursuant to Rule 12(e).

Second, Defendant SHP's Motion to Dismiss [Dkt. 60] is GRANTED to the extent Plaintiff J. Cruz Cabrera premises his § 1983 wrongful death and survival claims on a theory of vicarious liability.

---

[1] After raising its last objection over the standard of care, SHP leaps to causation and argues, without explanation, that "Plaintiffs have failed … to allege casual connections between such allegations and [the deceased's] death."  [Dkt. 77 at 7].  SHP's "motion to dismiss, rather than objections to a Report and Recommendation, [were] the proper vehicle for specific challenges to" the TMLA claim's causation element.  *Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 & n.2 (E.D. Tex. Sept. 27, 2024).  Because this issue is not properly before the Court, SHP's objection [Dkt. 77 at 7] is overruled.  *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.").

Lastly, the Clerk of Court is directed to ABATE this case for sixty days from the date this Order is entered due to Plaintiffs J. Cruz Cabrera's and Rosie Graham's failure to serve pre-suit notice upon Defendant SHP in accordance with Chapter 74 of the Texas Civil Practice and Remedies Code.

**SIGNED this 4th day of April, 2025.**

Michael J. Truncale
United States District Judge